# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| SAINTS & SINNERS BREWING COMPANY, LLC D/B/A BACK PEW BREWING COMPANY <br><br> *Plaintiff*, <br><br> v. <br><br> JESTER KING CRAFT BREWERY, LLC <br><br> *Defendant*. | CIVIL ACTION NO. 1:25-cv-1620 <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Saints & Sinners Brewing Company, LLC d/b/a Back Pew Brewing Company ("Plaintiff" or "Back Pew") files this Complaint against Defendant Jester King Craft Brewery, LLC ("Defendant" or "Jester King").

### I.  PARTIES

1. Back Pew is a Texas craft brewery located at 26452 Sorters McClellan Rd., Porter, Montgomery County, Texas 77365. Back Pew operates a brewery, maintains a taproom, and is led by owner/brewmaster Robert (Bobby) Harl Jr.

2. Defendant Jester King is a limited liability company incorporated under Texas law, with its principal place of business located at 13187 Fitzhugh Rd., Austin, Travis County, Texas 78736. It can be served via its registered agent for service Jeffrey P. Stuffings, 13005 Fitzhugh Road, Building B, Austin, Travis County, Texas 78736.

### II.  JURISDICTION AND VENUE

3. Plaintiff brings this action for (1) trademark infringement, (2) false designation of origin and false association, (3) unfair competition, (4) unjust enrichment, and (5) fraud on the USPTO

1

under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Texas common law.

4. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District within the meaning of § 1391(c)(2). Venue is also proper under § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

### III.   FACTS

**A. Back Pew built a distinctive SATYR'S SWILL brand through long use and investment.**

6. Since 2015, Back Pew has used SATYR'S SWILL as a brand name for its flagship beer in the traditional German bock style. The first commercial release under that name occurred in January 2016.

7. Over nearly a decade of continuous sales, SATYR'S SWILL has become distinctive. The brand identifies Plaintiff's products to consumers and carries the goodwill of Back Pew's business. Plaintiff's SATYR style of beers has been so successful that it has extended from SATYR'S SWILL to other products in the "SATYR" line, including SON OF SATYR.

8. Back Pew has invested substantial capital and goodwill in developing and promoting the SATYR'S SWILL brand. The investments span advertising, event sponsorship, and product sampling, yielding measurable recognition, including thousands of consumer ratings on Untappd.com.

9. Back Pew has sought federal protection for the mark. Its application for SATYR'S SWILL (No. 99345024) remains pending. *See* **Exhibit A**.

**B. Jester King knowingly adopted and pursued THE SATYR after notice of Back Pew's prior senior rights.**

10. In 2025, Defendant—known almost exclusively for selling sour fermented ales up until this point—began marketing and selling a German-style pilsner under the name THE SATYR. Back

2

Pew did not authorize Defendant's use of a mark that incorporates the distinctive "SATYR" element of Plaintiff's brand.

11. On June 23, 2025, Back Pew notified Defendant of Back Pew's prior rights in an attempt to informally address the situation. *See* **Exhibit B.** Defendant acknowledged receipt and indicated it intended THE SATYR to be a new "core" product intended for wide distribution in Texas and nationwide. *See* **Exhibit C**. Plaintiff's owner Robert (Bobby) Harl Jr. ("Harl") tried to call Jester King's owner to discuss, but Harl was ignored. *See* **Exhibit D.** Later that same day, on June 23, 2025, at 7:35 p.m. ET, Defendant filed a federal application (No. 99248554) for THE SATYR. **Exhibit E.**

12. Harl continued to seek resolution. Defendant failed to follow through on agreed calls, while continuing to pursue registration and use of the infringing name. *See* **Exbibits F-J.**

13. Finally, after more than two months of being ignored, Plaintiff sent Defendant a cease-and-desist letter demanding Defendant cease use of the infringing name, including on any marketing, products, and planned releases. A true and correct copy of the Cease & Desist letter is attached hereto as **Exhibit K.** In response, Defendant stated that if Plaintiff did not agree to Defendant's use of THE SATYR mark, it would start a retaliatory campaign of "cease and desists" for Plaintiff's products and packaging, even though there is clearly no likelihood of confusion and Plaintiff has been using the same logo and branding for more than a decade. A true and correct copy of this email is attached hereto as **Exhibit L**. Plaintiff responded that Defendant's proposal was not acceptable and requested again that Defendant cease using the mark THE SATYR or any mark confusingly similar to SATYR'S SWILL. A true and correct copy of this email is attached hereto as **Exhibit M**. In response, Jester King replied with the following email: :

From: Jeffrey Stuffings <jstuffings@jesterkingbrewery.com>
Sent: Wednesday, August 27, 2025 8:17 PM
To: Elliot Ginsburg <EGinsburg@garnerlegal.com>
Cc: Bernice J. Bertram <bjbertram@garnerlegal.com>
Subject: Re: The Satyr - Back Pew Brewing

Yeah, we didn't say anything because we're not dicks. See you in court.


Jeffrey Stuffings
Co-Founder
Jester King Brewery
13187 Fitzhugh Rd.
Austin, TX 78736
(512) 364-7278 (cell)
www.jesterkingbrewery.com

**Ex. N.**

C. **Defendant's conduct creates confusion, demonstrates bad faith, and threatens irreparable harm.**

14. Defendant's use of THE SATYR is likely to confuse consumers about source, sponsorship, or affiliation.

15. Confusion is likely because the marks share the same dominant element, SATYR; both are used on identical goods, beer; both breweries sell in Texas to the same market; and both rely on the same distribution channels.

16. Defendant's actions suggest bad faith. After notice of infringement, Defendant pressed forward, filing its application and ignoring Back Pew's efforts to resolve the matter.

17. Defendant's conduct threatens Back Pew's goodwill and the distinctiveness of its mark. If not restrained, Defendant will continue to profit from confusion while causing Back Pew irreparable harm.

## IV.     APPLICABLE LAW

18.     Trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, turns on two core requirements. First, a plaintiff must demonstrate that it is in possession of a legally protectable trademark. *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017). Second, it must demonstrate that defendant's use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship. *Id.* "The elements of common law trademark infringement under Texas law *are the same* as those under the Lanham Act." *Id.* (emphasis added).

**A. Back Pew's SATYR'S SWILL mark is valid, distinctive, and protectable.**

19.     Under 15 U.S.C. §§ 1057(b) and 1115(a), federal registration of a mark constitutes prima facie evidence of the mark's validity and the registrant's ownership. Back Pew has established valid rights in the SATYR'S SWILL mark through both long-standing use and its pending federal registration. The application was filed under Section 1(a) of the Lanham Act, based on use in commerce, with evidence that the mark has been used on beer at least as early as May 1, 2016. Back Pew also submitted a specimen showing the mark as used on beer packaging sold at retail.

20.     While Back Pew's application is still pending, the Section 1(a) use-based filing, combined with nearly a decade of continuous use and substantial investment in marketing, establishes that Back Pew has enforceable common-law trademark rights in SATYR'S SWILL. Courts consistently hold that priority of use, rather than mere registration, creates protectable rights under the Lanham Act. Back Pew thus possesses valid and enforceable rights sufficient to maintain this action.

**B. The digits of confusion confirm that Jester King's use of THE SATYR is likely to confuse consumers.**

21.     To evaluate the likelihood of confusion as to source, affiliation, or sponsorship in a trademark infringement claim under the Lanham Act, courts use a non-exhaustive list of factors known as the "digits of confusion." *Rex Real Estate I, L.P. v. Rex Real Estate Exch., Inc.*, 80 F.4th 607, 620 (5th Cir. 2023) (citing *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009)).

No single digit is dispositive, and their weight can vary depending on the specific facts and circumstances of each case. *Id.* Additionally, the particular context in which the mark appears must receive special emphasis. *Id.* (quoting *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485–86 (5th Cir. 2004)).

22. The digits are: (1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers. *Id.*

***Type of Mark***

23. Here, Back Pew's trademark rights are in the standard character word mark SATYR'S SWILL. Because this is a word mark, Back Pew's rights extend to the word "SATYR'S SWILL" in any font, style, or color, as well as to the phonetic pronunciation and overall commercial impression created by the mark. The distinctive portion of the mark, "SATYR," is arbitrary in connection with beer, as it refers to a mythological creature with no descriptive relationship to alcoholic beverages. "SWILL," a slang term for alcoholic drinks, has been expressly disclaimed, leaving "SATYR" as the dominant and source-identifying element. Over nearly a decade of use, Back Pew has invested heavily in developing consumer recognition of SATYR'S SWILL, resulting in thousands of consumer ratings and significant marketplace goodwill. Thus, this factor weighs in favor of the Court finding that SATYR'S SWILL is a strong and protectable mark entitled to broad protection.

***Similarity of Marks***

24. Back Pew's mark is SATYR'S SWILL, while Defendant's mark is THE SATYR. Both marks share the identical, dominant word "SATYR." Courts give more weight to dominant features of marks rather than descriptive or generic components. Here, "SWILL" is not distinctive, and "THE" adds nothing of significance; in both marks, consumers' focus is on the distinctive word "SATYR." In terms of sound, appearance, and meaning, the marks are strikingly similar. Consumers are likely to

perceive THE SATYR as a shortened version or line extension of SATYR'S SWILL. THE SATYR is not meaningfully different from SATYR'S SWILL. Thus, this factor weighs strongly in favor of Back Pew.

***Similarity of Product***

25. Back Pew and Defendant both produce and sell beer. There is no distinction in product category or use. When the goods at issue are identical, courts require far less similarity between the marks to find a likelihood of confusion. Here, where the marks themselves are already nearly identical in their dominant element, the identity of the products makes confusion virtually inevitable.

26. What's more, up until the launch of Defendant's THE SATYR product, Defendant was known primarily for its sour fermented ale products. Introduction of THE SATYR, a beer product in exactly the same style as Plaintiff's SATYR'S SWILL, can only be seen as an intentional launch designed to compete with Plaintiff and confuse its consumers.

27. Thus, this factor weighs heavily in Plaintiff's favor.

***Identity of Purchasers and Outlets***

28. Back Pew and Defendant target the same class of purchasers: craft-beer consumers. They both distribute their beers through the same outlets, including grocery stores, liquor stores, taprooms, and bars across Texas. Both breweries also promote their beers through tastings, festivals, and events that appeal to overlapping audiences. Because the parties sell through the same channels of trade to the same group of consumers, the risk of confusion is heightened. This factor weighs strongly in Back Pew's favor.

***Identity of Advertising Media***

29. Back Pew and Defendant both market their beers through digital platforms, including social media, brewery websites, and beer review applications like Untappd.com, as well as through traditional marketing channels such as print materials and events. The overlap in advertising strategies

means consumers are likely to encounter both marks in the same contexts. Just as similar advertising campaigns can increase the likelihood of confusion, the shared promotional platforms here enhance the risk that consumers will confuse THE SATYR with SATYR'S SWILL. This factor favors Back Pew.

*Defendant's Intent*

30. Back Pew notified Defendant on June 23, 2025, of Back Pew's longstanding use and rights in SATYR'S SWILL. Defendant proceeded to file its own federal trademark application for THE SATYR later the same day. The timing is no coincidence. Rather, it strongly supports an inference of Defendant's bad faith intent to appropriate Back Pew's goodwill and preempt Back Pew's federal rights. Defendant's failure to follow through on discussions with Back Pew while pressing forward with its application further confirms Defendant's intent to trade on Back Pew's established reputation. Evidence of deliberate adoption of a confusingly similar mark after notice weighs heavily toward finding infringement.

*Actual Confusion*

31. While extensive discovery may uncover concrete instances of actual confusion, courts recognize that direct proof of confusion is not required, and that "very little proof of actual confusion would be necessary to prove likelihood of confusion. . . ." *Xtreme Lashes*, 576 F.3d at 229 (citing *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 489 (5th Cir. 1971)). Given the near identity of the marks, identical products, overlapping consumers, and shared advertising channels, the potential for confusion is high. Moreover, anecdotal confusion, like consumers perceiving THE SATYR as a variant of SATYR'S SWILL, is sufficient evidence. Thus, this factor weighs in Back Pew's favor.

*Degree of Care Exercised by Purchasers*

32. Beer is a relatively inexpensive consumer product. Purchasers often make quick or

casual decisions in selecting among brands. Because craft beers are frequently purchased in bars, taprooms, or retail stores without extended deliberation, the average buyer is unlikely to exercise a high degree of care in distinguishing between SATYR'S SWILL and THE SATYR. The low price point and impulse nature of these purchases make confusion more likely. Thus, this factor also favors Plaintiff.

33.     In sum, each of the eight digits of confusion favors Back Pew.

### V.     CLAIMS

#### COUNT I
#### TRADEMARK INFRINGEMENT
#### (15 U.S.C. § 1114 and Texas Common Law)

34.     Plaintiff incorporates the foregoing paragraphs as if set out in full.

35.     Back Pew owns valid rights in SATYR'S SWILL. The mark is distinctive, arbitrary as applied to beer, and supported by continuous commercial use since 2016 and by a pending federal application under Section 1(a).

36.     Defendant uses THE SATYR on identical goods, i.e., beer, sold to the same consumers through the same channels. The marks share the identical and dominant element, "SATYR." The trivial differences, "THE" and "SWILL," do not prevent confusion.

37.     Defendant adopted and applied to register THE SATYR after notice of Back Pew's senior rights. Defendant's conduct is likely to cause consumers to believe its beer originates with, is sponsored by, or is affiliated with Back Pew.

38.     As a result, Back Pew has suffered and will continue to suffer lost goodwill, reputational harm, and diverted business. Defendant has been unjustly enriched and should be required to account for its profits. Unless enjoined, Defendant's infringement will persist and irreparably harm Back Pew.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND FALSE ASSOCIATION
### (15 U.S.C. § 1125(a); Texas Common Law)

39. Plaintiff incorporates the foregoing paragraphs as if set out in full.

40. Defendant's use of THE SATYR in commerce constitutes a false designation of origin and a false or misleading representation of fact within the meaning of 15 U.S.C. § 1125(a). Consumers encountering THE SATYR are likely to be confused or deceived as to the affiliation, connection, or association of Defendant with Back Pew, or as to the origin, sponsorship, or approval of Defendant's beer by Back Pew. The shared dominant term "SATYR," coupled with the sale of identical products to overlapping consumers, creates this misimpression.

41. Defendant's conduct also constitutes false association under 15 U.S.C. § 1125(a)(1)(A). By adopting and promoting THE SATYR after notice of Back Pew's senior rights, Defendant intends to trade on Back Pew's goodwill and to position its product as if it were affiliated with, sponsored by, or a line extension of Back Pew's SATYR'S SWILL.

42. Back Pew has been injured by loss of control over its brand identity and reputation, while Defendant has profited from the false association. Back Pew seeks injunctive relief to halt the deception and damages for the injury already sustained.

## COUNT III
## UNFAIR COMPETITION
### (Texas Common Law)

43. Plaintiff incorporates the foregoing paragraphs as if set out in full.

44. This misappropriation of Back Pew's goodwill and reputation further constitutes unfair competition under Texas law. Back Pew's SATYR'S SWILL mark has, through nearly a decade of continuous use, significant marketing expenditures, and thousands of consumer reviews, acquired secondary meaning as identifying Back Pew as the source of the product.

45. Defendant's adoption and use of THE SATYR, which incorporates the identical and

dominant element of Back Pew's mark, is likely to mislead consumers into believing Defendant's beer is affiliated with or sponsored by Back Pew.

46. As a result of Defendant's conduct, Back Pew has suffered and will continue to suffer injury, including loss of control over its reputation, dilution of its goodwill, and diversion of business. Unless enjoined, Defendant's unlawful use will cause ongoing and irreparable harm. Back Pew is entitled to injunctive relief, damages, and disgorgement of Defendant's profits obtained through its unfair competition.

## COUNT IV
## UNJUST ENRICHMENT
## (Texas Common Law)

47. Plaintiff incorporates the foregoing paragraphs as if set out in full.

48. Defendant has reaped the benefit of Back Pew's goodwill and reputation by selling beer under the confusingly similar mark THE SATYR. Defendant's profits stem from consumer recognition and association built by Back Pew through years of investment.

49. Defendant's enrichment is unjust because it flows directly from misappropriation of Back Pew's intellectual property and consumer trust.

50. Equity requires Defendant to disgorge its profits and restore to Plaintiff the benefits wrongfully obtained.

## COUNT V
## FRAUD ON THE USPTO
## (15 U.S.C. § 1120)

51. Plaintiff incorporates the foregoing paragraphs as if set out in full.

52. On June 23, 2025, Plaintiff notified Defendant of its long-standing rights in SATYR'S SWILL. On the same day at 7:35 p.m. ET, Defendant filed a federal application to register THE SATYR.

53. In that application, Defendant represented to the USPTO that, to its "knowledge and

belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." This was false. Defendant had actual notice of Back Pew's rights earlier that day.

54. Defendant made that misrepresentation knowingly and with intent to deceive the USPTO. The false declaration was material, as it went to the core statutory requirement for registration.

55. Back Pew has been injured by Defendant's fraudulent filing, which threatens to impair Back Pew's rights and sow further confusion. Back Pew seeks refusal of Defendant's application, damages for the injury sustained, and such further relief as is just.

## VI.   JURY DEMAND

56. Back Pew hereby demands a trial by jury on all issues triable as of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Saints & Sinners Brewing Company, LLC d/b/a Back Pew Brewing Company respectfully requests that this Court enter judgment in its favor and against Defendant Jester King, and grant the following relief:

1. A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with it, from using the mark THE SATYR or any other designation confusingly similar to SATYR'S SWILL in connection with beer or related goods and services;

2. An order directing Defendant to withdraw or abandon U.S. Trademark Application Serial No. 99248554 and enjoining Defendant from reapplying for registration of THE SATYR or any confusingly similar designation;

3. An accounting of Defendant's profits derived from its unlawful conduct, and a judgment awarding Plaintiff all such profits together with Plaintiff's actual damages, trebled where permitted by law;

4. A judgment awarding Plaintiff statutory damages, enhanced damages, and exemplary damages for Defendant's willful and malicious conduct;

5. A declaration that Defendant's registration application for THE SATYR was procured by fraud in violation of 15 U.S.C. § 1120;

6. An award of Plaintiff's reasonable attorneys' fees, expenses, and costs of this action under 15 U.S.C. § 1117(a) and applicable Texas law, on the ground that this is an exceptional case;

7. Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

8. Such other and further relief, in law or equity, as the Court deems just and proper.

Respectfully submitted,

**COKINOS | YOUNG**

By: */s/ Lauren S. Aldredge*
    LAUREN S. ALDREDGE
    State Bar No. 24079380
    laldredge@cokinoslaw.com
    Las Cimas IV
    900 Capital of Texas Hwy, Suite 425
    Austin, Texas 78746
    Tel: (512) 476-1080

    MITCHELL R. POWELL
    State Bar No. 24091890
    mpowell@cokinoslaw.com
    Four Houston Center
    1221 Lamar, 16th Floor
    Houston, Texas 77010

**ATTORNEYS FOR PLAINTIFF SAINTS & SINNERS BREWING COMPANY, LLC D/B/A BACK PEW BREWING COMPANY**