# Exhibit K



333 Washington Avenue N., Suite 300
Minneapolis, MN 55401
Office: (612) 259-4800
Fax: (612) 259-4810

August 20, 2025

**BY FEDERAL EXPRESS & EMAIL: jstuffings@jesterkingbrewery.com**
Jester King Craft Brewery, LLC
c/o Jeffrey Stuffings
13187 Fitzhugh Road
Austin, TX 78736

    Re:    **The Satyr**

Dear Mr. Stuffings:

    We represent Saints and Sinners Brewing Company LLC ("Back Pew"). It has come to Back Pew's attention that Jester King recently started producing a beer with the name THE SATYR. Back Pew Brewing has been using the name SATYR'S SWILL as a branding tool since mid-2015, and it released a beer named SATYR'S SWILL in January 2016. The consistent and long-standing use of the SATYR name has established significant goodwill and recognition in the market, which Back Pew is committed to protecting.

    Back Pew also has a pending trademark application for SATYR'S SWILL on file with the U.S. Patent and Trademark Office (Ser. No. 99345024).

    Over the past several years, Back Pew has invested substantial time, financial resources, and creative energy into developing and marketing its SATYR'S SWILL brand. These investments include but are not limited to digital and print collateral, event production costs, and giving away free samples – amounting to over $40,000 to date. Through these efforts, Back Pew has built substantial goodwill and brand recognition in both the beer industry and among beer consumers. SATYR'S SWILL is widely recognized as an established brand with over 4,800 ratings on Untappd.com.

    It has, however, come to our attention that you are now using and have applied for trademark registration for THE SATYR for beer. Your use of the trademark THE SATYR on beer constitutes trademark infringement because it is likely to cause confusion with Back Pew's SATYR'S SWILL mark. This is a problem for both Back Pew and Jester King. By using a confusingly similar trademark, Jester King risks the possibility that consumers will confuse the products. This letter is sent to protect both Jester King and Back Pew so the two companies are not confusing consumers by using confusingly similar beer names.

Courts consider six factors to determine whether a likelihood of confusion exists, whether it be with respect to a registered trademark or a trademark in use but not registered. "These factors are (1) the strength of the owner's mark, (2) the similarity between the owner's mark and the alleged infringer's mark, (3) the degree to which the products compete with each other, (4) the alleged infringer's intent to pass off its goods as those of the trademark owner, (5) incidents of actual confusion, and (6) the type of product and its costs and conditions of purchase." *Polaris Indus. Inc. v. TBL Int'l Inc.*, No. 19-CV-0291 (WMW/DTS), 2020 WL 1075019, at *2 (D. Minn. Mar. 6, 2020) (citing *Lovely Skin, Inc. v. Ishtar Skin Care Prods., LLC*, 745 F.3d 877, 887 (8th Cir. 2014)).

1. Strength of the Mark. SATYR'S SWILL is a distinctive and widely recognized brand in the alcohol beverage market, particularly in Texas, where it has been sold since 2016.

2. Similarity of the Marks. The term THE SATYR incorporates the key element of Back Pew's SATYR'S SWILL mark. The fact that Back Pew's mark adds a slang term for alcoholic beverages is not sufficient to remove the likelihood of confusion because the addition of a descriptive word does not differentiate trademarks. See, *May Dept. Stores Co. v. Schloss Bros. & Co., Inc.*, 234 F.2d 879, 881 (C.C.P.A. 1956) (holding that descriptive words are not accorded great weight in considering whether marks are confusingly similar).

3. Degree of Competition. Both Jester King and Back Pew compete for the same market and audience, which are craft beer consumers.

4. Intent. The use of the name THE SATYR suggests an intent to trade on Back Pew's established reputation. In fact, Back Pew contacted Jester King on June 23, 2025, notifying Jester King of its infringing use of the name THE SATYR. Jeffrey Stuffings responded saying he would like to discuss the issue because Jester King wanted THE SATYR to be a new core for it. Bobby Harl from Back Pew called Mr. Stuffings on the same day but received no response. Apparently, on that same day, Jester King filed a trademark application for THE SATYR, indicating a clear attempt to beat Back Pew to the PTO registry, despite being on notice of Back Pew's nearly 10-year history of using the name SATYR'S SWILL. Mr. Harl then contacted Mr. Stuffings on June 25 by email and voicemail and received no response. He followed up on July 8th and the following day, Mr. Stuffings proposed a call on July 17th to discuss. Mr. Harl was traveling on July 17th so asked to reschedule to Monday July 21st. Mr. Stuffings responded with a request for other dates and times on which Mr. Harl would be available to discuss. Mr. Harl responded that he would make himself available at a time that worked for Mr. Stuffings. Mr. Harl, having not heard back from Mr. Stuffings, contacted

       Mr. Stuffings by email to schedule a time to talk. He received no response.

5.     Type of Services and Marketing Channels. As competing breweries in Texas, Jester King and Back Pew market their products through the same channels and sell them at the same types of stores to the same types of consumers.

Your unauthorized use of THE SATYR constitutes trademark infringement, and your continued use of THE SATYR after being notified of such infringement constitutes knowing infringement. That said, Back Pew would prefer to resolve this amicably, and demands that Jester King:

1.     Immediately cease using any mark confusingly similar to SATYR'S SWILL (including THE SATYR) and withdraw the trademark application for THE SATYR (Ser. No. 99248554);

2.     Remove or replace with a sufficiently distinct mark all online and offline references to THE SATYR from websites, social media, printed marketing materials, and promotional content within Jester King's possession or control; and

3.     Provide written confirmation within ten (10) days of the date of this letter that you have complied with these demands.

If you do not respond with an acknowledgment of compliance with the above, we will have to consider further legal action to protect our intellectual property rights, including seeking injunctive relief, damages, and attorneys' fees, and/or filing a notice of opposition with the PTO. We would prefer to resolve this matter amicably and without litigation, but we are prepared to enforce our rights if necessary.

Please direct all correspondence on this matter to me at the contact information listed below.

    Sincerely,

    GARNER, GINSBURG & JOHNSEN, P.A.

    *Elliot R. Ginsburg*

    Elliot R. Ginsburg
    eginsburg@garnerlegal.com

ERG:bb

3