IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| SAINTS & SINNERS BREWING COMPANY, LLC d/b/a BACK PEW BREWING COMPANY, Plaintiff, | § § § § § |
| V. | |
| JESTER KING CRAFT BREWERY, LLC, Defendant. | § § § § § |

CIVIL ACTION NO. 1:25-cv-1620
JURY DEMANDED

### DEFENDANT JESTER KING CRAFT BREWERY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Jester King Craft Brewery, LLC ("Defendant") answers the Complaint of Saints & Sinners Brewing Company, LLC d/b/a Back Pew Brewing Company ("Plaintiff") as follows. Any allegation not expressly admitted is denied.

### RESPONSES TO ALLEGATIONS

### I. PARTIES

1. Defendant admits that Back Pew Brewing Company is a Texas craft brewery located at 26452 Sorters McClellan Rd., Porter, Texas 77365, and that it operates a brewery and maintains a taproom. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation regarding the identity of its owner/brewmaster and therefore denies it.

2. Defendant admits the allegations contained in Paragraph 2.

1

3. Defendant admits that Plaintiff purports to assert causes of action for trademark infringement, false designation of origin and false association, unfair competition, unjust enrichment, and fraud on the USPTO. Defendant admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121, and that venue is proper in the Western District of Texas, Austin Division. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 3.

## II. JURISDICTION & VENUE

4. Defendant admits that this Court has subject-matter jurisdiction over Plaintiff's federal trademark claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and that the Court may exercise supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a).

5. Defendant admits that venue is proper in the Western District of Texas, Austin Division, because Defendant resides in this District and a substantial part of the alleged events occurred here.

## III. FACTS

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Defendant admits that Plaintiff filed an application with the United States Patent and Trademark Office for the mark SATYR'S SWILL (Serial No. 99345024). Defendant lacks knowledge as to the current status of that application and therefore denies the remaining allegations.

10. Defendant admits that it began producing and marketing a German-style pilsner bearing the name THE SATYR in 2025. Defendant denies the remaining allegations of Paragraph 10 and specifically denies any willful or knowing infringement of Plaintiff's alleged rights.

11. Defendant admits that on or about June 23, 2025, it received correspondence from Plaintiff regarding Plaintiff's alleged prior rights and that Defendant filed a federal trademark application (Serial No. 99248554) for THE SATYR. Defendant denies the remaining allegations in Paragraph 11, including any suggestion that Defendant ignored Plaintiff's communications or acted in bad faith.

12. Defendant denies the allegations contained in Paragraph 12. Furthermore, Defendant did not wish to engage in fruitless back in forth discussion when, to quote the inimitable Vinny Gambini: "There is no way this is not going to trial!"

13. Defendant admits that correspondence occurred between the parties concerning Defendant's use of the SATYR mark but denies that it threatened or engaged in any retaliatory conduct as alleged. Defendant denies the remaining allegations contained in Paragraph 13. The Defendant further asserts that we are not dicks.

14. Defendant denies the allegations contained in Paragraph 14. Defendant specifically denies that its use of THE SATYR mark is likely to cause confusion as to source, sponsorship, or affiliation with Plaintiff.

15. Defendant denies the allegations contained in Paragraph 15. Defendant specifically denies that any likelihood of confusion exists between Plaintiff's alleged marks and Defendant's THE SATYR mark.

16. Defendant denies the allegations contained in Paragraph 16, including that it acted in bad faith or ignored any efforts by Plaintiff to resolve the matter.

17. Defendant denies the allegations contained in Paragraph 17 and specifically denies that its conduct threatens Plaintiff's goodwill, distinctiveness, or causes any irreparable harm.

## IV. APPLICABLE LAW

18. Defendant admits that Section 32 of the Lanham Act, 15 U.S.C. § 1114, sets forth the legal standard for federal trademark infringement and that courts have recognized the stated elements. Defendant denies the remaining allegations in Paragraph 18 to the extent they imply that Defendant's conduct satisfies those elements or constitutes infringement.

19. Defendant admits that federal registration of a trademark may constitute prima facie evidence of validity and ownership under 15 U.S.C. §§ 1057(b) and 1115(a). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20. Defendant denies the allegations contained in Paragraph 20, including the assertion that Plaintiff possesses valid or enforceable rights in the SATYR'S SWILL mark sufficient to maintain this action.

21. Defendant admits that courts in the Fifth Circuit evaluate likelihood of confusion under the "digits of confusion" factors in Lanham Act cases. Defendant denies that application of those factors supports Plaintiff's claims in this case.

22. Defendant admits that courts within the Fifth Circuit consider the listed "digits of confusion" factors when analyzing likelihood of confusion under the Lanham Act. Defendant

denies that application of these factors supports Plaintiff's claims or establishes any likelihood of confusion in this case.

23. Defendant denies the allegations contained in Paragraph 23. Defendant specifically denies that the term "SATYR" is distinctive or arbitrary in connection with beer, that Plaintiff's SATYR'S SWILL mark is entitled to broad protection, or that Plaintiff's use of the mark has created significant goodwill or consumer recognition.

24. Defendant denies the allegations contained in Paragraph 24. Defendant specifically denies that its use of THE SATYR mark is confusingly similar in sound, appearance, or meaning to Plaintiff's SATYR'S SWILL mark, or that consumers are likely to confuse the two.

25. Defendant admits that both parties produce and sell beer. Defendant denies the remaining allegations in Paragraph 25, including any suggestion that there is no distinction between the products or that confusion between the parties' products is inevitable.

26. Defendant denies that prior to launching THE SATYR, it was primarily known for mixed-culture and sour ales. We make IPAs bro. Defendant denies the remaining allegations of Paragraph 26, including that the introduction of THE SATYR was intentional, designed to compete with Plaintiff, or likely to cause consumer confusion.

27. Defendant denies the allegations contained in Paragraph 27 and specifically denies that any likelihood-of-confusion factor weighs in Plaintiff's favor.

28. Defendant admits that both parties market products to craft-beer consumers in Texas. Defendant denies the remaining allegations in Paragraph 28, including that there is a likelihood of confusion or that overlapping audiences increase the risk of confusion.

29. Defendant admits that both parties use digital platforms and traditional marketing channels to promote their beers. Defendant denies the remaining allegations in Paragraph 29, including that such overlap in advertising strategies creates or contributes to any likelihood of confusion.

30. Defendant admits that it filed a federal trademark application for THE SATYR on or about June 23, 2025. Defendant denies the remaining allegations in Paragraph 30, including any claim that it acted with bad faith intent, attempted to appropriate Plaintiff's goodwill, or engaged in any wrongful conduct.

31. Defendant denies the allegations contained in Paragraph 31. Defendant specifically denies that any actual, anecdotal, or potential consumer confusion exists between THE SATYR and Plaintiff's SATYR'S SWILL mark.

32. Defendant admits that beer is a consumer product that may vary in price. Defendant denies the remaining allegations of Paragraph 32, including that beer purchasers exercise a low

degree of care or that such purchasing behavior contributes to any likelihood of confusion between the parties' products.

33. Defendant denies the allegations contained in Paragraph 33 and specifically denies that any of the so-called 'digits of confusion' favor Plaintiff.

## V. CLAIMS

### COUNT I

34. Defendant incorporates by reference its responses to all prior paragraphs as though fully set forth herein.

35. Defendant denies the allegations contained in Paragraph 35, including that Plaintiff owns valid, distinctive, or protectable trademark rights in the alleged SATYR'S SWILL mark.

36. Defendant admits that both parties sell beer to consumers in Texas. Defendant denies the remaining allegations in Paragraph 36, including that the goods are identical or that any similarity between the marks is likely to cause confusion.

37. Defendant admits that it filed a federal trademark application for THE SATYR. Defendant denies the remaining allegations in Paragraph 37, including that Plaintiff possessed senior rights or that Defendant's actions were likely to cause confusion or mislead consumers.

38. Defendant denies the allegations contained in Paragraph 38 and specifically denies that Plaintiff has suffered any loss, damage, or irreparable harm as a result of Defendant's conduct.

### COUNT II

39. Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

40. Defendant denies the allegations contained in Paragraph 40, including that its use of THE SATYR constitutes a false designation of origin or that any consumers are likely to be confused, deceived, or misled as to the source, sponsorship, or affiliation of Defendant's products.

41. Defendant denies the allegations contained in Paragraph 41, including that its conduct constitutes false association or that it has ever intended to trade on Plaintiff's goodwill or misrepresent any affiliation with Plaintiff.

42. Defendant denies the allegations contained in Paragraph 42 and specifically denies that Plaintiff has suffered any loss, injury, or damage, or that Plaintiff is entitled to injunctive relief or any recovery whatsoever.

## COUNT III

43. Defendant incorporates by reference its responses to all prior paragraphs as though fully set forth herein.

44. Defendant denies the allegations contained in Paragraph 44, including that it has misappropriated Plaintiff's goodwill or reputation, or that Plaintiff's alleged SATYR'S SWILL mark has acquired secondary meaning identifying Plaintiff as the source of any product.\

45. Defendant denies the allegations contained in Paragraph 45, including that its adoption or use of THE SATYR incorporates any element of Plaintiff's mark or constitutes unfair competition.

46. Defendant denies the allegations contained in Paragraph 46 and specifically denies that Plaintiff has suffered or will suffer any injury, dilution, loss, or diversion of business. Defendant further denies that Plaintiff is entitled to any injunctive relief, damages, or disgorgement.

## COUNT IV

47. Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

48. Defendant denies the allegations contained in Paragraph 48, including that it has benefited from Plaintiff's goodwill or reputation, or that any profits derived from the sale of THE SATYR beer were obtained through confusion or association with Plaintiff.

49. Defendant denies the allegations contained in Paragraph 49, including that it has misappropriated any of Plaintiff's intellectual property or consumer trust, or that it has been unjustly enriched in any way.

50. Defendant denies the allegations contained in Paragraph 50 and specifically denies that Plaintiff is entitled to any equitable relief, disgorgement, or recovery of profits.

## COUNT V

51. Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

52. Defendant admits that on or about June 23, 2025, it filed a federal trademark application for THE SATYR. Defendant denies the remaining allegations in Paragraph 52, including that Plaintiff possessed long-standing rights in the SATYR'S SWILL mark.

53. Defendant admits that its trademark application included standard USPTO representations made in good faith and in accordance with USPTO requirements. Defendant denies any implication that such statements were false, misleading, or fraudulent.

54. Defendant denies the allegations contained in Paragraph 54, including that it made any false or misleading statement to the USPTO or acted with any intent to deceive.

55. Defendant denies the allegations contained in Paragraph 55 and specifically denies that Plaintiff has been injured in any manner, that Defendant's USPTO filing was fraudulent, or that Plaintiff is entitled to any relief whatsoever.

## VI. JURY DEMAND

56. Defendant admits that Plaintiff has demanded a trial by jury on issues triable as of right.

## AFFIRMATIVE DEFENSES

Defendant Jester King Craft Brewery, LLC ("Jester King"), without admitting any of the allegations in Plaintiff's Complaint, and expressly reserving all defenses available under law, asserts the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has not adequately alleged facts sufficient to establish the required elements of its asserted causes of action under the Lanham Act or Texas common law.

2. There is no likelihood of confusion between Plaintiff's alleged SATYR'S SWILL mark and Defendant's THE SATYR mark. The marks differ in appearance, sound, meaning, and overall commercial impression, and the respective products are marketed in ways that avoid consumer confusion.

3. Plaintiff's alleged mark SATYR'S SWILL is descriptive and lacks distinctiveness. To the extent any protectable rights exist, they are limited and do not extend to Defendant's lawful use of THE SATYR.

4. Defendant's use of THE SATYR constitutes a lawful and fair use of descriptive or generic terms, and does not function as a source identifier for Plaintiff. Defendant's use is made in good faith to describe its own product.

5. At all relevant times, Defendant acted in good faith and without intent to deceive, infringe, or trade upon Plaintiff's alleged goodwill. Defendant's trademark application and related commercial activity were undertaken lawfully and transparently.

7

6. Plaintiff's claims are barred in whole or in part by the doctrines of laches, acquiescence, and estoppel. Plaintiff unreasonably delayed asserting its alleged rights, and Defendant has relied on such delay to its detriment.

7. Plaintiff's claims are barred by the doctrine of unclean hands. Upon information and belief, Plaintiff has engaged in conduct inconsistent with equitable relief, including overreaching in asserting rights broader than any protectable interest.

8. Plaintiff has not suffered any actual damages, loss of goodwill, or injury as a result of Defendant's conduct. Any alleged harm is speculative and unsupported by evidence.

9. Defendant denies that it made any false statement or engaged in any fraudulent act in connection with its federal trademark application for THE SATYR. All representations to the USPTO were made in good faith and consistent with applicable rules and procedures.

10. Defendant reserves the right to assert additional affirmative defenses as discovery progresses and facts become known.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Jester King Craft Brewery, LLC respectfully requests that Plaintiff take nothing by its Complaint, that judgment be entered in favor of Defendant, that Plaintiff's requested relief be denied in its entirety, and that Defendant be awarded its costs and such further relief as the Court deems just and proper.

Respectfully Submitted,

_____
Jester King Craft Brewery, LLC
By: Jeffrey Stuffings, Owner
13187 Fitzhugh Road
Austin, Texas 78736
Phone: (512) 364-7278
Email: jstuffings@jesterkingbrewery.com
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2025, a true and correct copy of the foregoing Answer was served via the Court's CM/ECF system (and, if necessary, by email or U.S. Mail) on counsel of record for Plaintiff, Saints & Sinners Brewing Company, LLC d/b/a Back Pew Brewing Company.

_____
Jeffrey Stuffings

**Jester King Brewery**

13005 Fitzhugh Road
Austin, TX 78736

9589 0710 5270 3211 6811 88

Retail

78701

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
DRIPPING SPRINGS
TX 78620
OCT 31, 2025
**$10.29**
S2322S502124-21

ELECTRONIC
RETURN RECEIPT

Clerk, U.S. District Court
Western District of Texas
Austin Division
501 W. 5th St.
Suite 1100
Austin, TX 78701

SCREENED BY OSC
NOV 03 2025